[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Michael Fabacher appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing, the plaintiff appeared, represented by counsel, but did not testify or offer any evidence. The hearing officer introduced in evidence the written reports of the police officer who had arrested the plaintiff. The plaintiff did not object to the admission of these reports. There was no other evidence introduced at the hearing.
Following the hearing, the hearing officer rendered his final decision in which he set forth his findings on the CT Page 1916 issues as required by 14-227b(f). In particular, the hearing officer found (1) that the police had probable cause to arrest the plaintiff on the drunk driving charge; (2) that the police did arrest him; (3) that the plaintiff refused to submit to a test; and (4) that the plaintiff was operating the vehicle. Those findings constituted the basis for the decision suspending the plaintiff's license.
The plaintiff advances the following arguments as the bases of his appeal: (1) that there was insufficient evidence to support the hearing officer's finding that the plaintiff was operating the vehicle within the meaning of § 14-227b(f); (2) that the hearing officer improperly admitted the police report; (3) that there was insufficient evidence that the plaintiff was operating on a public road; and (4) that there was insufficient evidence to show that the police requested the plaintiff to submit to a test within two hours of the time of operation.
The police reports that were admitted in evidence without objection indicate that Officer Ken Evans of the Fairfield Police Department arrived at the scene of a one-car accident on Hulls Highway in Fairfield at 12:29 A.M. on January 3, 1994. The plaintiff was in his vehicle and then the officer observed him exit, staggering as he did so. The officer noted a strong odor of alcohol on the plaintiff's breath and that his eyes were bloodshot. The plaintiff told the officer that he was attempting to turn into a driveway from Hulls Highway but missed it and hit a stonewall thirty-nine feet before the driveway entrance. When a wrecker came to extricate his vehicle, he became involved in another accident involving the wrecker. The officer reports that the plaintiff refused to take any field sobriety tests. The officer thereupon arrested the plaintiff on the drunk driving charge. At the police station, the officer reports, the plaintiff refused to submit to a breath test when requested to do so. The refusal was witnessed by Police Officer Walsh, who signed the A 44 form to that effect. Officer Walsh's name appears also on an intoximeter printout as the operator who checked the machine, apparently in anticipation of testing the plaintiff.
Certain basic principles of administrative law govern the court's decision in this case. One of these is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he CT Page 1917 court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Instead, "[i]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn.Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601
(1991).
In the present case, the evidence upon which the hearing officer based his findings and conclusions consisted of the police reports, which had been introduced without objection. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Furthermore, "[w]hen hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v. Muzio, 204 Conn. 507, 518 (1987).
The plaintiff's argument that the hearing officer should not have admitted the reports in evidence may not be sustained. He waived any objections in this regard by failing to raise them at the hearing. Id. The court would also note that his objection is based on an incorrect reading of the requirements of § 14-227b(c). That statute does not disqualify a police officer from witnessing the refusal and so endorsing the A 44 form, as Officer Walsh did in this case.
The plaintiff's arguments concerning the issues of operation and operation on a public road are also not sustainable. The plaintiff's own statements as recorded, by the police officer in his reports, constitute sufficient evidence to support the hearing officer's findings on those issues.
Finally, the plaintiff argues that the hearing officer improperly found that the plaintiff refused to be tested because there was no evidence that the alleged refusal occurred within two hours after he was operating his vehicle. The plaintiff's argument is based on his interpretation of the provisions of Public Act 93-371, amending subsection (f) of CT Page 1918 § 14-227b. As amended, that statute requires the department hearing officer to determine
 (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight . . . In the hearing, the results of such test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation . . . .
The police report states that the police officer arrived at the scene at 12:29 A.M. and at that time saw the plaintiff getting out of his vehicle. Officer Walsh's intoximeter printout shows that the machine was checked at 1:59 A.M., one hour and thirty minutes later. On this evidence, the hearing officer could reasonably have found that the police requested and the plaintiff refused to be tested within two hours after operating the vehicle.
There is, however, a more fundamental reason for rejecting the plaintiff's argument concerning the finding that he refused the test in violation of § 14-227b. The statute does not require that the police request the test within two hours after operation nor does it require a finding that the person refused the test within any period of time in order to support a decision to suspend the license. The phrase "commenced within two hours of the time of operation" refers only to a test or analysis to which the person actually submitted. If the test is commenced within that time period, the results are deemed to show the person's condition at the time of operation without the necessity of introducing additional evidence. If the test is not commenced within that time period, the only consequence is that the results of the test do not enjoy that presumption. But the phrase in question does not establish a rule of police procedure that excuses a person from submitting to a test merely because the police request it beyond the two hour time period.
For the reasons set forth above, the commissioner's decision must be affirmed. CT Page 1919
The appeal is dismissed.